# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIM. ACTION 13-0084-WS |
| | ) |
| JANICE FORD GREEN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The government has filed a notice of intent to introduce 404(b) evidence. (Doc. 110). The defendant has filed a response, (Doc. 120), and the government has filed a reply. (Doc. 134). The defendant has now filed a rejoinder, (Doc. 141), and the Court has heard oral argument in chambers.[1]

In order to utilize 404(b) evidence, the government must, on request, provide "reasonable notice of the general nature of any such evidence," which notice must come before trial except in rare circumstances. Fed. R. Evid. 404(b)(2). The government's initial notice of 404(b) evidence was provided on September 4, 2013. (Doc. 110). It stated only that the government might seek to introduce evidence of a harassment charge or offense in district court in Marion, Alabama with an arrest date of April 4, 2013. The defendant timely complained that "[n]o case number was cited, no documentation was provided, and the defense could not view the file" because the warrant had been recalled. (Doc. 120). At 5:32 p.m. on September 11, 2013, the government filed and served documents concerning the harassment incident. (Doc. 134, Exhibit A). This was the earliest the government could be deemed to have complied with Rule 404(b)'s notice requirement.

In assessing the adequacy of notice, the Court is to consider: "(1) When the Government, through timely preparation for trial, could have learned of the

---

[1] The Court has by previous order addressed most of the government's proposed 404(b) evidence. (Doc. 136). This order addresses the single incident remaining.

availability of the witness; (2) The extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) How significant the evidence is to the prosecution's case." *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994). Based on these factors, the Court concludes the evidence should be excluded for lack of reasonable notice.

First, the superseding indictment was returned on May 30, 2013, (Doc. 19), jury selection was conducted on September 3, 2013, and trial is to begin September 16, 2013. It seems clear that the harassment incident could have been discovered, the complainant interviewed, and notice provided more than two business days before the commencement of trial. The Court at oral argument afforded the government an opportunity to offer a reason its notice was so delayed, and the government declined.

Second, the complainant is located in Marion, Alabama, a town located some three hours from Mobile. It is not reasonable to expect the defense team to devote practically an entire day to tracking down and interviewing the complainant on the final weekend before a Monday trial. The prejudice to the defendant in facing the complainant without such preparation is evident.

Third, the government acknowledged at oral argument that the 404(b) evidence is not significant to its ability to prove the defendant's intent.

The Court further concludes that the proposed evidence is not proper 404(b) evidence. In order for the government's evidence to be admissible under Rule 404(b), three requirements must be met: (1) the evidence must be relevant to some issue other than character; (2) there must be sufficient evidence for the jury to find the extrinsic act was committed; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005); *accord United States v. Cochran*, 683 F.3d 1314, 1321 (11th Cir. 2012).

The Court assumes without deciding that the evidence satisfies the first requirement. But the government could not confirm that the complainant will

testify at trial, and without her testimony there cannot be sufficient evidence for the jury to find the extrinsic act was committed.

As for the third requirement, "[t]o determine whether the evidence is more probative than prejudicial, a district court must engage in a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009) (internal quotes omitted). As noted, the government has minimized the significance of the evidence to its case. While the harassment incident is temporally close, it involves only a few words spoken in anger and with no weapon involved. The government itself characterized the evidence as showing a "propensity for violence," which is of course precisely the use for which such evidence cannot be used.

Finally, the Court concludes that the evidence should be excluded under Rule 403. In addition to the prejudice described above, the parties' discussion at oral argument makes clear that introduction of the evidence would create a danger, substantially outweighing any probative value, of misleading the jury, confusing the issues and wasting time.

For the reasons set forth above, the government will not be permitted to rely at trial on the harassment incident addressed in this order.

DONE and ORDERED this 13th day of September, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE